**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15 C 1691 |
| ) | |
| MARY DIANE SCHWARZ, P.A., ) | Magistrate Judge Finnegan |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Williams filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendant Mary Diane Schwarz, P.A., was deliberately indifferent to his type 2 diabetes mellitus while he was a pretrial detainee at the Stateville Northern Reception Classification Center. Plaintiff also asserted state law claims for medical malpractice, negligent infliction of emotional distress ("NIED"), and intentional infliction of emotional distress ("IIED"). Following a 7-day trial, on June 15, 2018, a jury found in favor of Plaintiff on the medical malpractice and NIED claims and awarded him $350,000 in compensatory damages. The jury also found, however, that Plaintiff was 50% contributorily negligent for his injuries, so the award was reduced accordingly to $175,000. The jury returned a verdict in favor of Defendant on the deliberate indifference and IIED claims.

Plaintiff now seeks to recover $22,153.13 in costs he incurred pursuant to FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920. For the reasons set forth here, Plaintiff is awarded $17,300.12.

**DISCUSSION**

Rule 54(d) creates a "strong presumption that costs will be awarded to the prevailing party," and that presumption is "difficult to overcome." *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Gilbert-Mitchell v. Lappin*, No. 06-CV-0741-MJR, 2010 WL 1838283, at *2 (S.D. Ill. May 6, 2010). A party is deemed to be "prevailing" for purposes of Rule 54 if he "prevails as to a substantial part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017). This standard may be met "even when the party does not prevail on every claim." *Id.* Under 28 U.S.C. § 1920, recoverable costs include (1) fees of the clerk and marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. *Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). There is no dispute here that Plaintiff qualifies as a prevailing party entitled to costs. Defendant thus "bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)).

Plaintiff initially sought a total of $22,974.71 in costs, including: (1) $400 for fees of the Clerk; (2) $1,815 for daily trial transcript fees; (3) $8,357.66 for court reporter and deposition transcript fees; (4) $7,030.80 for photocopying and printing expenses; (5) $2,371.25 for witness fees; and (6) $3,000 for exemplification fees. (Doc. 202). In response to objections from Defendant, Plaintiff subsequently withdrew his request for certain witness fees in the amount of $821.58, and reduced his petition to $22,153.13.

Defendant has no objection to the fees of the Clerk or the daily transcript fees so Plaintiff is awarded $2,215 for those items ($400 + $1,815). Defendant raises several objections to the remaining amounts claimed, which the Court addresses in turn.

**A.      Deposition Transcripts**

It is well-established that "[a] court may tax as costs the 'fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) (quoting 28 U.S.C. § 1920(2)). *See also Serwatka v. City of Chicago*, No. 08 C 5616, 2011 WL 2038725, at *1 (N.D. Ill. May 24, 2011). Defendant correctly notes that under Local Rule 54.1, the transcript costs "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." L.R. 54.1(b). For ordinary transcripts, the rate is $3.65 per page for an original transcript and $0.90 per page for the first copy to each party. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates (last viewed on September 6, 2018). In addition, court reporter attendance fees may not exceed $110 for a half day (4 hours or less) and $220 for a full day. *Id.*

Plaintiff seeks to recover $8,357.66 for 14 depositions. He does not itemize the amounts sought for each deposition but claims generally that the request represents "the costs of original transcripts calculated at or under $3.65 per page, the costs of exhibits, and court reporter appearance fees." (Doc. 203, at 2). Defendant concedes that Plaintiff is entitled to recover deposition costs, but insists the total amount should only be $6,021.70. In Defendant's view, Plaintiff is seeking to recover more than the allowed

3

$0.90 per page for three depositions where the invoices label the transcript as a "copy" as opposed to a certified original. (Doc. 204, at 3). The flaw in this argument is that under Local Rule 54.1, "a prevailing party is . . . entitled to recover 'the cost of the original . . . transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court.'" *Chicago Bd. Options Exchange, Inc. v. Int'l Sec. Exchange, LLC*, No. 07 C 623, 2014 WL 125937, at *2 (N.D. Ill. Jan. 14, 2014) (quoting L.R. 54.1). It appears from the record before the Court that the transcripts for the three depositions in question "were the only transcripts provided to [Plaintiff], and therefore are more properly understood as original transcripts within the meaning of Local Rule 54.1." *Pezl v. Amore Mio, Inc.*, No. 08 C 3993, 2015 WL 2375381, at *2 (N.D. Ill. May 13, 2015).

Defendant also objects to paying for unspecified "miscellaneous fees assessed by the court reporters." (Doc. 204, at 3). The only such fees Plaintiff seeks are the costs of exhibit reproduction, which are recoverable if the prevailing party establishes that "the exhibits were essential to understanding an issue in the case." *Camp v. Centrue Bank*, No. 08 C 4020, 2011 WL 2581751, at *2 (N.D. Ill. June 28, 2011). Recognizing that charges for copies of exhibits made for attorney convenience are not recoverable, *SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 C 3248, 2014 WL 300987, at *6 (N.D. Ill. Jan. 10, 2014) (citing *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000)), courts have declined to award charges for exhibit costs where the prevailing party failed to show the exhibits "were anything other than extra copies of documents already within their possession." *Boyle v. Torres*, No. 09 C 1080, 2011 WL 899720, at *2 (N.D. Ill. Mar.15, 2011). *See also Srail v. Village of Lisle, Ill.*, No. 07 C 2617, 2008 WL 5272459,

at *3 (N.D. Ill. Dec. 15, 2008) ("[Defendant] has not shown that the deposition exhibits were anything other than extra copies of documents already in its possession. As a result, it has not shown that the exhibits were reasonably necessary."). *But see Armstrong v. BNSF Railway Co.*, No. 12 C 7962, 2016 WL 7240751, at *5 (N.D. Ill. Dec. 15, 2016) (allowing recovery of costs for copies of deposition exhibits without explanation).

Here, Plaintiff has provided no argument or evidence that he was not already in possession of the exhibits marked at each deposition. Nor does he claim that he needed marked deposition exhibits for authentication purposes or for use in responding to summary judgment or at trial. *Cf. Hillmann v. City of Chicago*, No. 04 C 6671, 2017 WL 3521098, at *3 (N.D. Ill. Aug. 16, 2017). In such circumstances, it appears that Plaintiff's request to have a copy of these exhibits included with ordered transcripts was simply for the convenience of the attorneys and not properly recoverable.

Applying these findings to the deposition transcripts at issue here, Plaintiff is entitled to $7,992.95 as follows:

| Deponent | Pages | Cost Per Page[1] | Court Reporter | Total |
| --- | --- | --- | --- | --- |
| Williams | 152 | $2.80 | $0 | $425.60 |
| Hobrock | 78 | $3.65 | $110 | $394.70 |
| Schwarz | 228 | $3.65 | $220 | $1,052.20 |
| Barkoff | 270 | $3.45 | $0 | $931.50 |
| Barkoff pt.2 | 52 | $2.90 | $0 | $150.80 |
| Baker | 96 | $3.55 | $110[2] | $450.80 |
| Schindlbeck | 59 | $3.30 | $110 | $304.70 |
| Molitch | 148 | $3.65 | $110 | $650.20 |
| Roberts | 96 | $3.55 | $110 | $450.80 |

---

[1] Plaintiff stresses that he is seeking to recover either "(1) the per page charge incurred and paid *if below $3.65 per page*, or (2) $3.65 per page *if he incurred and paid a rate higher than $3.65.*" (Doc. 205, at 2) (emphasis in original). Thus, where the court reporting service charged less than the scheduled fee, the Court utilizes the rate Plaintiff actually paid.

[2] The depositions of Dr. Terrance Baker and Dr. Michael Schindlbeck took place on the same date. For ease of calculation, the Court has divided the full-day $220 court reporter fee equally between the two deponents.

| | | | | |
|---|---|---|---|---|
| Molitch pt.2[3] | 148 | $3.65 | $110 | $650.20 |
| Shelton | 315 | $3.65 | $220 | $1,369.75 |
| Schwarz pt.2 | 113 | $3.65 | $110 | $522.45 |
| Trammell | 75 | $3.65 | $110[4] | $383.75 |
| Clary | 70 | $3.65 | $0 | <u>$255.50</u> |

**Total Amount**: $7,992.95

**B.     Witness Fees**

Plaintiff initially requested $2,371.25 in witness fees under 28 U.S.C. § 1920(3). This included: attendance fees of $40 per day for various witnesses, totaling $440; records acquisition costs incurred in connection with subpoenas for documents, totaling $1,109.67; Chorus Call fees in connection with the depositions of out-of-state witnesses, totaling $775.20; and cell phone costs for Plaintiff for "logistical use in coordinating trial appearance," totaling $46.38. (Doc. 203, at 4; Docs. 203-4, 203-5, 203-6, 203-7). As noted, in response to objections from Defendant, Plaintiff has withdrawn his request for $821.58 in witness fees ($775.20 in Chorus Call fees and $46.38 in cell phone fees). That amount is thus properly deducted from the total witness fee award. (Doc. 205, at 6).

**1.     Attendance Fees**

Defendant does not object to paying the witness attendance fees for Dr. Tyrisha Clary, Dr. Rebecca Roberts, Dr. Michael Schindlbeck, Dr. Terrance Baker, Dr. Marla Barkoff, Defendant Schwarz, or Glenn Trammell. (Doc. 204, at 7). These amounts, totaling $320, will be allowed. Defendant does object to paying witness fees for Dr. Alfonso David and Dr. Alfred Rathinam because both physicians were withdrawn as

---

[3]     The deposition of Dr. Molitch was broken into two sessions to accommodate the doctor's schedule. (Doc. 205, at 2). Defendant's objection to paying for the second session is overruled.
[4]     The depositions of Glenn Trammell and Dr. Tyrisha Clary took place on the same date. For ease of calculation, the Court has attributed the half-day $110 court reporter fee to Mr. Trammell.

6

witnesses and their depositions never took place. (*Id.*). Plaintiff responds that the witnesses were not withdrawn until after he had already incurred the witness fees. (Doc. 205, at 5). Based on this representation, the Court will allow Plaintiff to recover the $80 requested.[5] In all, Plaintiff is awarded $400 in witness attendance fees.

### 2. Fees for Subpoenaed Documents

The next category of costs is for fees incurred in obtaining copies of medical records pursuant to document subpoenas. The following fees are allowed without objection: (1) $20 to Illinois Eye Center; (2) $80.05 to East Moline Correctional Center; and (3) $460.82 to CIOX Health for Stroger Hospital records.[6] (Doc. 204, at 7). Defendant objects to two additional amounts requested for CIOX Health: one for $32 and another for $55.98. The first is clearly an invoice for additional records from Stroger Hospital and is properly recoverable. (Doc. 203-5, at 9). The second consists of a check stub for $55.98 with no associated invoice or explanation for the charge. Plaintiff failed to provide any additional information about the fee in response to Defendant's objection, and this unsupported amount is therefore disallowed. (Doc. 205, at 6). Plaintiff is awarded a total of $592.87 for fees to obtain subpoenaed documents.

### 3. Summary

To summarize, Plaintiff is awarded $992.87 in witness fees, consisting of: (1) $400 in witness attendance fees; and (2) $592.87 to acquire subpoenaed medical records.

---

[5] Plaintiff sent two $40 checks to Dr. David, one dated August 30, 2017, and one dated September 13, 2017. (Doc. 203-4, at 6, 8). Absent any explanation for this double payment, Plaintiff may only recover one of these witness fees.

[6] It appears that Plaintiff double counted the $460.82 paid for the CIOX Health records. Though Plaintiff has attached two invoices in that amount, both reflect only one work order number, 0208808098, so Plaintiff may only recover one associated fee. (Doc. 203-5, at 5, 7).

**C.     Photocopying and Printing**

Plaintiff next seeks to recover $7,030.80 in costs for "fees and disbursements for printing" pursuant to 28 U.S.C. § 1920(3).  The requested costs are for "in-house printing and copying" of 35,154 pages.  For example, Plaintiff subpoenaed and received 3,100 pages of medical records from various correctional facilities and medical providers for which he seeks (and is receiving) reimbursement.  But Plaintiff subsequently made approximately 14,217 in-house prints or copies of these medical records for various uses that are discussed later.  These same medical records (and other documents) were again copied (4 times) when they were to be used as deposition exhibits.  Another large number of copies (8,334 pages) were made on the eve of trial when in-house copies of deposition transcripts (and exhibits) and trial exhibits were made.  (Doc. 203, at 2-3).

Plaintiff has calculated the in-house copying costs at a rate of $0.20 per page.  As noted, since 35,154 pages were printed or copied, this translates to $7,030.80 in costs.  Defendant first objects that Plaintiff should not recover more than $0.10 per page for in-house copies.  (Doc. 204, at 4) (citing *Chicago Bd. Options Exchange, Inc.*, 2014 WL 125937, at *8 (stating that "the cost of $0.20 per page for black and white copies . . . seems excessive."); and *Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1085 (N.D. Ill. 2002) (allowing $0.10 per page because "[l]ocal print shops charge $0.09 and $0.10 per page for standard photocopying.")).  Plaintiff bases his rate on the fact that the Court allowed 20 cents per copy in a 2011 decision, *American Safety Cas. Ins. Co. v. City of Waukegan*, No. 07 C 1990, 2011 WL 6437535 (N.D. Ill. Dec. 20, 2011).  But in that case no challenge was made to the rate of 20 cents per copy, so the Court focused little

attention on the issue. Even so, the Court noted that 20 cents per copy was at the "highest end" of a reasonable range. *Id.* at *9.

Now that the issue is squarely before this Court and given the passage of time, it is appropriate to take a closer look at the question of what rate is reasonable for copies made *in-house* by a party. Logically, the rate should bear some relation to what is charged by local copy services. *Cf.* Fed. R. App. P. 39(c) ("Costs. Each Court of Appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by rule 30(f). *The rate must not exceed that generally charged for such work in the area where the Clerk's office is located and should encourage economical methods of copying.*") (emphasis added). In compliance with this rule, the Seventh Circuit Court of Appeals has determined that the maximum rate for copies of briefs is 10 cents per page. *See* http://www.uscourts.gov/sites/default/files/frap39rep.pdf, p. 60 (Apr. 2011).[7] This Court adopts the same rate of 10 cents per page as a reasonable rate for in-house copying of documents. Indeed, where a large volume of copies are requested at one time (as is often the case in litigation), the rate charged by an outside vendor would likely be considerably lower than this.

Defendant's objection to paying $0.20 per page is sustained.[8]

---

[7] While this publication is from 2011, the Court's staff recently confirmed with the Clerk's Office in the Seventh Circuit that 10 cents remains the maximum rate, though this rate is not published in Circuit Rule 39 ("The cost of printing or otherwise producing copies of briefs and appendices shall not exceed the maximum rate per page as established by the Clerk of the Court of Appeals. If a commercial printing process has been used, a copy of the bill must be attached to the itemized and verified bill of costs filed and served by the party.").

[8] Plaintiff's reply brief cites *Pezl v. Amore Mio, Inc.* in support of the in-house copying rate of 20 cents but that case is inapposite since it involved an invoice from an outside vendor who charged 15 cents per page (and 16.5 cents for certain documents). 2015 WL 2375381, at *7. The court rejected the plaintiff's argument that the rate of 10 cents a page set by the Judicial

Defendant also argues that Plaintiff has not provided sufficient information to allow the Court to determine whether the copies were necessary for use in the case as required under 28 U.S.C. § 1920(4). (Doc. 204, at 4-5). Materials necessary "for use in the case" include "copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court; they do not include copies made solely for the convenience of counsel." *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 978 (N.D. Ill. 2010) (internal quotations omitted). "While the prevailing party must 'provide the best breakdown [of copying costs] obtainable from retained records,' it is 'not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs.'" *Id.* (quoting *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 (7th Cir. 1991)).

Defendant claims there is "a palpable danger of duplicate charges and/or material generated for the convenience of counsel." (Doc. 204, at 5). For example, Plaintiff seeks to recover the cost of copying more than 12,000 pages of medical records described as follows:

| Description | Date | Total Pages | Cost |
| --- | --- | --- | --- |
| Medical Records Printed | 1/11/2017 | 1719 | $171.90 |
| Medical Records Printed | 1/13/2017 | 3506 | $350.60 |
| Medical Records Printed | 1/27/2017 | 1204 | $120.40 |
| Cook County Medical Records Printed | 3/13/2017 | 3627 | $362.70 |
| Medical Records Internal Copying | 3/13/2017 | 2418 | $241.80 |
| | **Total:** | 12,474 | $1,247.40 |

---

Conference for copies of deposition transcripts necessarily applied to other types of copies and instead found that the vendor's rates fell within a reasonable range. *Id.* This Court presumes that the rate charged by an outside copy service will be a market rate for the particular materials being copied. The rate of 10 cents per copy that it adopts today is for in-house copying and printing only.

10

(Doc. 203, at 3). This is in addition to the fees paid to obtain the records through document subpoenas, which have already been allowed. Plaintiff also seeks to recover the cost of copying another 4,000 pages of medical records for use in deposition preparation:

| Description | Date | Total Pages | Cost |
|---|---|---|---|
| Medical Records from Cermak Health Printed for Deposition Preparation (Clary, Schindlbeck, Roberts, Trammell) | 9/17/2017 | 2983 | $298.30 |
| Medical Records Printed for Deposition Preparation (Shelton and Molitch) | 9/18/2017 | 1178 | $117.80 |
| | **Total:** | 4,161 | $416.10 |

(*Id.*). Defendant argues that absent further explanation, "[t]hese categories fall well within the disallowed 'convenience of counsel' category, especially given that they are inherently duplicate printings." (Doc. 204, at 6).

In his reply brief, Plaintiff explains that he received over 3,100 pages of medical records from Defendant, the Illinois Department of Corrections and seven of its subsidiary correctional facilities, and outside medical providers. According to Plaintiff, these records arrived "in various states of disarray and illegibility," and in order to use them in responding to discovery, at depositions, for expert review, and at trial, he had to "merge, reorganize, de-duplicate and generate clean photocopies of the most relevant records." (Doc. 205, at 4). There can be no dispute that this case required extensive use of medical records, and the Court has little doubt that Plaintiff invested considerable effort in sorting and copying records from numerous prison facilities in order to get them into a usable form. For this reason, Plaintiff may recover the costs of copying 12,474 pages of medical records in January and March 2017 at a rate of 10 cents per page. At that point, however, Plaintiff should have had usable sets of all the records. It is thus not clear why he needed

11

to make 4,000 additional copies in September 2017 to prepare for taking depositions, and this request for payment is denied. As noted below, Plaintiff is separately seeking (and receiving) reimbursement for making 4 copies of each deposition exhibit, many of which were medical records.

Defendant also takes issue with Plaintiff's request for $1,229.80 for copying the court file, (Doc. 203, at 3). Plaintiff says he is merely seeking two copies of each document filed by Clark Hill (one for the file and a courtesy copy for the Court), and one copy of all other documents for the file. (Doc. 205, at 4-5). Plaintiff notes that this Court allowed a similar recovery in *American Safety Casualty Ins. Co.*, 2011 WL 6437535, at *9. This Court is allowing recovery of these copying costs "for the file" but with hesitation. In this day and age, there seems little reason to print paper copies of volumes of documents to maintain (and store) as part of the "file" of a case. All filings are now done electronically and remain in the court record and available for retrieval with the click of a button. These documents can also be downloaded and stored in an attorney's case file on a computer, or on a small external storage device. Therefore, it is questionable whether there remains a need to spend the time and money to print and then store "in the file" a paper copy of every document in the court record. Nevertheless, the Court will allow Plaintiff to recover these copying costs for two reasons. First, the Court stated in a past opinion that it would allow a party to recover the costs associated with maintaining a hard copy of filed documents, and recruited counsel did not have fair notice of the Court's change in policy. In addition, recruited counsel represent that they "undoubtedly incurred much more in printing and copying costs relating to the docket" than what Plaintiff is seeking here. (Doc. 205, at 5).

Turning to the issue of courtesy copies, this Court's website states that none are required unless a filing exceeds 20 pages. *See* [http://www.ilnd.uscourts.gov/judge-info.aspx?of0npLubQwI](http://www.ilnd.uscourts.gov/judge-info.aspx?of0npLubQwI)= ("Courtesy copies are not required unless the electronic filing including exhibits exceeds 20 pages."). *Cf. American Safety Cas. Ins. Co.*, 2011 WL 6437535, at *8 ("[T]he necessity of providing one courtesy copy of each filing to the district judge . . . is clear given her standing order."). Based on this Court's quick review of the motions that Plaintiff filed, almost all were well over 20 pages so courtesy copies were required. These copies will be allowed at 10 cents per page.

Defendant finally challenges the necessity of printing four sets of exhibits for the depositions of Ms. Schwarz, Cindy Hobrock, Dr. Baker, Dr. Molitch, and Dr. Shelton. Plaintiff responds that he needed one set each for counsel taking the deposition, counsel defending the deposition, the court reporter, and the witness. In Plaintiff's view, "[t]his is customary and necessary for taking a deposition and the volume of pages copied is justified by the voluminous records in the case." (Doc. 205, at 5). The only contrary authority Defendant cites is distinguishable because the case involved a request for 10 sets of deposition exhibits without any explanation for how they would be utilized. (Doc. 204, at 6-7) (citing *American Safety Cas. Ins. Co.*, 2011 WL 6437535, at *10). The Court is satisfied that the copies were reasonably necessary for use in the case and Defendant's objection is overruled.

Defendant does not raise specific objections to the other copying expenses and so they are allowed in full. In sum, Plaintiff is awarded $3,099.30 in photocopying expenses.

### D. Exemplification Costs

Plaintiff finally seeks $3,000 in exemplification costs for a chart of medication orders and blood glucose readings presented as a demonstrative exhibit at trial. (Doc. 203, at 5). The Seventh Circuit has embraced an "expansive definition" of exemplification fees under § 1920(4) and construed the term as "permitting an award of the reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).

Defendant concedes that demonstrative exhibits may be recoverable under § 1920(4) but expresses concern that the chart in question was actually prepared by Plaintiff's expert, Dr. Barkoff. (Doc. 204, at 9) (stating that the $3,000 sum "appears to reflect time and effort spent by Plaintiff's expert."). Defendant claims that such expert witness fees are not compensable under § 1920. (*Id.*). Regardless, Plaintiff has clarified in his reply brief that Dr. Barkoff "reviewed all of Mr. Williams's medical records and analyzed and summarized the data points taken therefrom," but she did not personally create the "visual graphics which helped the jury understand her testimony at trial." (Doc. 205, at 6). This technical function was performed by LawGraphics at a cost of $3,000. (*Id.* at 6-7). Notably, Defendant does not dispute that the chart assisted both the Court and the jury in understanding the data, or claim that it was merely procured for Plaintiff's convenience. *See Vardon Golf Co. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066, at *11 (N.D. Ill. Mar. 31, 2003) (awarding costs for demonstrative exhibits that "made the issues more clear to the jury," "were certainly of assistance to the Court," and "were necessary to the litigation."). Defendant's objection to the exemplification costs is overruled and Plaintiff is awarded the full $3,000 requested.

**E.    Offset for Dr. Shelton's Travel Expenses**

Defendant requests that any award of costs be offset by the $2,902.60 she spent for Dr. Shelton's travel expenses on June 6 and 7, 2018 as a result of the trial being postponed to accommodate Dr. Barkoff's travel schedule. (Doc. 204, at 9-10). Defendant sought these same costs in a separate motion which the Court denied in an oral ruling on September 28, 2018. (Doc. 207). Defendant cites no authority that would allow for an offset of these expenses from Plaintiff's bill of costs under the circumstances presented here, and the request is denied.

**F.    Summary**

To summarize, Plaintiff is awarded $17,300.12 in costs, consisting of: $400 for fees of the Clerk; $1,815 for daily transcript fees; $7,992.95 for court reporter and deposition transcript fees; $3,099.30 for photocopying and printing fees; $992.87 for witness fees; and $3,000 for exemplification fees.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Bill of Costs (Doc. 202) is allowed in the amount of $17,300.12.

ENTER:

Dated: October 1, 2018

_Sheila Finnegan_
SHEILA FINNEGAN
United States Magistrate Judge